FILED

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DEC 1 2 2005

MATTHEW J. DYKMAN

CLERK

PAUL RICHARDSON,

　　　　Petitioner,

v.

JAMES JANECKA, Warden, et al.,

　　　　Respondents.

Civ. No. 05-1107 MCA/RLP

MAGISTRATE JUDGE'S PROPOSED
FINDINGS AND RECOMMENDED DISPOSITION[1]

1.　　　This is a proceeding brought pursuant to 28 U.S.C. § 2254. On March 18,

2002, pursuant to a guilty plea, Mr. Richardson was convicted of multiple instances of

criminal sexual contact with a minor. His 18-year sentence was suspended on August 12,

2002. See Judgment and Order Suspending Sentence, Exhibit A to Answer [Doc. 11]. As

a condition of probation, the basis for suspension of his sentence, Mr. Richardson was

ordered, inter alia, not to consume or possess alcoholic beverages; not to possess any

weapons; and not to break any local, state or federal laws. Id. at ¶¶ 1, 4, & 6.

2.　　　Approximately three months later, Mr. Richardson got into an affray with one

or two other individuals and, wielding a knife, cut one of those individuals. Mr. Richardson

also had an alcoholic beverage in his possession. See Petition to Revoke Probation,

Exhibit C.

---

[1] Within ten (10) days after a party is served with a copy of this Proposed Findings
and Recommended Disposition (hereinafter "Proposed Findings") that party may, pursuant
to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court to the
Proposed Findings. A party must file any objections within the ten-day period allowed if
that party wants to have appellate review of the Proposed Findings. If no objections are
filed, no appellate review will be allowed.

3.     On August 8, 2003 the Third Judicial District Court of the State of New Mexico entered its Order Revoking Probation and Imposing Judgment and Sentence. Exhibit D. The original 18 year-sentence was imposed. Mr. Richardson appeared at the hearing with counsel and admitted he had violated his probation. *Id.*

4.     On July 7, 2004 Mr. Richardson filed a state habeas petition. Exhibit E. Relief was denied on July 25, 2004. Exhibit F. Mr. Richardson filed a petition for writ of certiorari, Exhibit G, which was denied on October 21, 2004. Exhibit H. Almost one year later, on October 26, 2005, Mr. Richardson filed his federal habeas petition. [Doc. 1].

5.     Respondents have filed a Motion to Dismiss arguing that Mr. Richardson's petition is time-barred by the one-year limitation period set forth in § 2244(d)(1). The court agrees that the petition is time-barred.

6.     For the purposes of § 2244(d)(1), time started running on August 8, 2003, the date Judgment was entered. Time was then tolled on July 7, 2004 while Mr. Richardson sought collateral review. However, he had used 11 months of his time by that date. Time was tolled from July 7, 2004 until October 21, 2004 when his petition for certiorari was denied. As of that date, Mr. Richardson had approximately 30 days to file his petition in federal court to be within the one-year limitation period. Instead, he waited almost another year, until October 26, 2005 to file in this court.

7.     Even if he were allowed more tolling time for petitions for reconsideration or certiorari with the United States Supreme Court, Mr. Richardson's petition would still be time-barred by almost one year. Mr. Richardson asserts no grounds in his petition to indicate that the time should be tolled between October 21, 2004 and October 26, 2005.

2

## RECOMMENDED DISPOSITION

I recommend that Respondents' Motion to Dismiss [Doc. 9] be granted and this case dismissed with prejudice.

Richard L. Puglisi
United States Magistrate Judge